```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA
                        CASE NO. 10-Cv-22894-LENARD
                             (08-Cr-21097-LENARD)
                        MAGISTRATE JUDGE P. A. WHITE
```

EVERETT W. SLOCUM,            :

    Movant,               :

v.                            :         REPORT OF
                                        MAGISTRATE JUDGE
UNITED STATES OF AMERICA,     :

    Respondent.           :
_____

## I.   Introduction

This matter is before this Court on Everett Slocum's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence, entered following a guilty plea in case no. 08-Cr-21097-LENARD.

The Court has reviewed the motion (Cv DE# 1); the government's response (Cv DE# 7), Slocum's reply to the response (Cv DE# 8), the Presentence Investigation Report (PSI); and all pertinent portions of the underlying criminal file.

Construing the movant's arguments liberally as afforded pro se litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant appears to raise the following claim in his §2255 motion: Pursuant to the Fair Sentencing Act of 2010, enacted on August 3, 2010, the movant's sentence should be reduced.

## II.  Background

Slocum was charged with possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §846.

(Cr DE# 3). During an April 19, 2009 change of plea hearing, Slocum pled guilty pursuant to a written plea agreement. (Cr DE# 286, 296).

Prior to sentencing, a PSI was prepared which revealed as follows. The PSI set the movant's base offense level at 32, pursuant to U.S.S.G. §2D1.1(c)(4), because the offense involved possession with intent to distribute at least 150 grams and the movant was responsible for 255 grams. (PSI ¶52). Three levels were deducted, pursuant to U.S.S.G. §3E1.1, based on the movant's timely acceptance of responsibility, resulting in a total offense level of 29. (PSI ¶59-61).

The probation officer next determined that the movant had a total of nine criminal history points, resulting in a criminal history category IV. (PSI ¶70).

The statutory term of imprisonment was ten years minimum and a maximum of life, under 21 U.S.C. §841(b)(1)(A). (PSI ¶109). Based on a total offense level 29 and a criminal history category IV, the movant's resulting guideline range was 121 to 151 months in prison. (PSI ¶110).

Slocum filed objections to the PSI regarding the disparity in treatment between crack cocaine and powder cocaine by the sentencing guidelines. Relying on <u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007), wherein the Supreme Court held that a sentencing court may consider the disparity between the guidelines treatment of crack and powder cocaine, Slocum argued that the court should apply the guideline calculation on powder cocaine which results in an offense level of 20 and an imprisonment range of 51 to 63 months. (Addendum to PSI). The probation officer responded that,

because the defendant faced a mandatory minimum sentence of ten years, the most favorable sentence he could receive was 120 months. (Addendum to PSI).

On July 6, 2009, Slocum appeared for sentencing. (Cr DE# 444). The court sentenced him to 120 months' in prison. (Cr DE# 451). Slocum did not appeal.

On August 3, 2010,[1] Slocum filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. (Cv DE# 1). The government filed a response (Cv DE# 7) and Slocum filed a reply thereto (Cv DE# 8).

### III. Standard of Review

The law is clear that section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. §2255(a); see also, Hill v. United States, 368 U.S. 424, 426-27 (1962). "A sentence is otherwise subject to collateral attack where there is an error constituting a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Jones, 56 F.3d 62 (4 Cir. 1995)(citations omitted).

### IV. Discussion

Slocum raises the sole argument that his sentence should be

---

[1] The government concedes that the movant's motion was timely filed.

reduced pursuant to the Fair Sentencing Act of 2010, enacted on August 3, 2010, which reduces the drug quantity ratio between crack cocaine and powder cocaine from 100:1 to 18:1. (Cv-DE#1).

The Fair Sentencing Act ("FSA") of 2010, Pub.L. 111-124 Stat. 2372 (Aug. 3, 2010), signed by the President on August 3, 2010, amends several subsections of 21 U.S.C. §841 to decrease the criminal penalties for particular crack cocaine offenses. 124 Stat. 2372. The Fair Sentencing Act of 2010, however, does not justify a reduction in the movant's sentence because it does not apply retroactively. Courts first look to the intent of Congress in determining whether a statutory amendment is retroactive. See, e.g., Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994) ("When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach.").

Where, as here, the amendment affects "substantive rights, liabilities, or duties" and there is no statement from Congress that the amendment affecting should apply retroactively, courts presume it applies only prospectively to future conduct. Id. at 278; see also Greene v. United States, 376 U.S. 149, 160 (1964) ("[T]he first rule of [statutory] construction is that legislation must be considered as addressed to the future, not to the past." (quotation marks omitted)). This result is confirmed by the well-settled rule that in the absence of contrary Congressional intent, an amendment changing the available punishment for a crime applies prospectively, not retroactively. See 1 U.S.C. §109 ("The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for

the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."); Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 661 (1974) (collecting cases for the proposition that 1 U.S.C. §109 "has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense").

See also United States v. Carradine, ___ F.3d ___, 2010 WL 3619799, 4 (6th Ohio 2010). In Carradine, the defendant possessed 19 grams of crack cocaine and was thus subject to the statutory minimum mandatory under the old version of the law, but not under the new version. Id. at 4. Therefore, the defendant argued that the new version of the statute should apply to him. Id. The court rejected this argument, finding the Fair Sentencing Act of 2010, contained no express statement that it is retroactive nor could the court infer any such express intent from its plain language. Id. Thus, the court applied the penalty in place at the time the movant committed the crime in question.[2] Like the court in Carradine, the Eleventh Circuit has also recently held that because the FSA took effect in August 2010, after the defendant committed his offenses, the §109 barred the FSA from affecting the defendant's sentence. See United States v. Gomes, ___ F.3d __, 2010 WL 3810872 (11th Cir. 2010).

Slocum committed his crimes, was charged, and was sentenced before the FSA took effect.  Like the defendant in Gomes, the FSA

---

[2] In so finding, court noted that the "general savings statute," 1 U.S.C. §109, required it to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application. See Id. (citing Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 660 (1974); United States v. Avila-Anguiano, 609 F.3d 1046, 1050 (9th Cir. 2010); United States v. Smith, 354 F.3d 171, 174 (2d Cir. 2003); Korshin v. Comm'r, 91 F.3d 670, 673-74 (4th Cir. 1996).

is inapplicable to his sentence.  In addition, the FSA contains no express statement that it is retroactively applicable, nor is there any authority or evidence in the text or legislative history of the FSA of 2010 to support such a finding. Consequently, the movant's claim is without merit.

## V.  Conclusion

It is therefore recommended that the motion to vacate entered under 28 U.S.C. §2255 be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 28th day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Everette W. Solcum
      Reg. No. 81701-004
      P.O. Box 779800
      Miami, FL 33177

      Harold E. Schimkat
      United States Attorney's Office
      99 NE 4 Street, 4th Floor
      Miami, FL 33132